UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:19-cr-133-SPC-MRM

STEVEN USMA

## ORDER[1]

Before the Court is Defendant Steven Usma's Motion for Additional Credit (Doc. 166), along with the Government's response in opposition (Doc. 168). For the below reasons, the Court denies the Motion.

In October 2020, the Court sentenced Usma to a prison term and allowed him to self-surrender to the Bureau of Prisons ("BOP"). (Doc. 127). Within weeks, the undersigned ordered a warrant for his arrest for violating the conditions of his pretrial release. In June 2021, Usma was arrested on the warrant and remanded to the United States Marshals Service for transfer to the BOP to serve his federal sentence. (Doc. 163; Doc. 165). Usma now moves the Court to order the BOP to credit his federal sentence for the six months and five days that he waited to be transferred to the BOP.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

The Court denies the Motion because the relief Usma requests is not ripe—and here's why. "[T]he responsibility for determining sentence-credit awards lies with the Attorney General, through the BOP, as opposed to district courts." *United States v. Roberson,* 746 F. App'x 883, 885 (11th Cir. 2018) (citing *United States v. Wilson,* 503 U.S. 329, 330 (1992)). Calculating credit for time served is an administrative function, and federal regulations give prisoners administrative avenues to challenge the BOP's computation of their credits. *See id.* (citing 28 C.F.R. §§ 542.10–542.19). Because the BOP calculates a prisoner's credit towards his federal sentence, a dissatisfied inmate "must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." *Id.* (internal quotations and citation omitted). Here, the Motion makes no mention that Usma has exhausted his administrative remedies in challenging the BOP's sentence-credit calculation. Until such exhaustion, Usma's request for judicial intervention is not ripe.

Accordingly, it is now **ORDERED:**

Defendant's Motion for Additional Credit (Doc. 166) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on January 28, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record