UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                            CASE NO.: 2:19-cr-133-SPC-MRM

STEVEN USMA

### ORDER[1]

Before the Court is Defendant Steven Usma's pro se Motion for Judicial Recommendation to the Federal Bureau of Prisons for 12 Months RRC Placement – Six Months Halfway House and Six Months Home Confinement (Doc. 170), along with the Government's response in opposition (Doc. 172).

In October 2020, the Court sentenced Defendant to thirty-seven months imprisonment for a firearm-related offense. (Doc. 127). Now that Defendant has completed about twenty months in prison, he asks the Court for a recommendation to serve the rest of his sentence at either a residential reentry center ("RRC"), halfway house, or home confinement "so that he can reestablish himself by obtaining gainful employment and saving enough money to secure housing, clothing, transportation, food and basic necessities." (Doc. 170 at 3). To support his request, Defendant notes he has participated in a General

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Equivalency Diploma ("GED") program and worked on his sobriety by participating in AA, NA, and RDAP, and worked on his anger management skills. (Doc. 170 at 4).

For its part, the Government opposes the Motion for three reasons. First, Defendant will be eligible for home detention in February 2023. Second, the federal Bureau of Prisons ("BOP") is in the best position to assess whether Defendant should be placed in RRC. Third, Defendant is working on his GED. (Doc. 172).

Federal law allows a district court to make a non-binding recommendation to the BOP on whether a defendant should serve a period of imprisonment at an RRC or home confinement. 18 U.S.C. § 3621(b). But the BOP has the final say on whether a defendant receives such alternative housing. *Id.*

After considering the parties' papers and record against the above law, the Court declines to make Defendant's requested recommendation. Defendant has served just a bit more than half of his sentence and has made positive life improvements while incarcerated. He has no disciplinary record and is enrolled in a GED program he should complete for the best chance at a successful reintegration into society. If Defendant continues his positive progress, he has a good chance at the BOP granting him home detention when he becomes eligible. Finally, the Court imposed a sentence on Defendant

appropriate under the United States Sentencing Guidelines, and it is now up to the BOP to decide when he transitions to RRC and home detention.

Accordingly, it is now

**ORDERED:**

Defendant Steven Usma's pro se Motion for Judicial Recommendation to the Federal Bureau of Prisons for 12 Months RRC Placement – Six Months Halfway House and Six Months Home Confinement (Doc. 170) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on June 30, 2022.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:     Defendant Steven Usma
            Counsel of Record